UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J & J SPORTS PRODUCTIONS, INC.,

                         Plaintiff,

      -against-                               07cv 6019 (RJH)

                                     **MEMORANDUM OPINION**
M & J WINS, INC. d/b/a THE UPPER DECK and        **AND ORDER**
JAMES WINSMAN JR.,

                         Defendants.

      Plaintiff J & J Sports Productions, Inc. moves for default judgment against defendants M & J Wins, Inc., d/b/a the Upper Deck ("Upper Deck"), and James Winsman Jr.  Plaintiff brought this action under 47 U.S.C. §§ 605 and 553, alleging that defendants illegally intercepted and exhibited plaintiff's closed-circuit exhibition of the Gatti/Mayweather boxing match on June 25, 2005.  Specifically, plaintiff alleges that defendants exhibited plaintiff's program on five television sets at a time when 20 patrons were present in defendants' establishment.  For the reasons below, the Court grants judgment against the Upper Deck only.

      Having reviewed plaintiff's motion, affidavits, and other accompanying documentation, the Court finds that judgment is only appropriate as against the Upper Deck because service of the original summons and complaint against Winsman was defective.  While plaintiff personally served the Upper Deck, plaintiff served Winsman by mail.  (Amended Hooten Aff. Ex. B.)  Service by mail is not available to plaintiffs seeking to serve a summons and complaint under Rule 4(e) of the Federal Rules of Civil Procedure.  Accordingly, the Court grants judgment

against the Upper Deck but not against Winsman because this action has not yet commenced as against him.

Upon the entry of default judgment, the Court accepts as true all of the facts alleged in the complaint, except those relating to the amount of damages. *See Au Bon Pain Corp. v. Artect Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Here, the Court adopts Judge Baer's formula for calculating default judgment in cable piracy cases: $50 per patron, plus $1,000 for each willful violation, plus attorney's fees and costs. *See Kingvision Pay-Per-View Ltd. V. Pares*, No. 05 Civ. 827; *see also Kingvision Pay-Per-View Ltd. v. Estevez*, No. 06 Civ. 3614 (KMW) (DFE). Plaintiff has submitted no evidence to show that defendants in the instant case ever pirated any other closed-circuit events. Accordingly, under 47 U.S.C. § 605(e)(C)(ii), the Court awards $1,000 for the defendants' willful violation of the law for the Gatti/Mayweather broadcast . In addition, the Court awards $50 per patron:  here, there were 20 patrons present, for a total of $1,000. The Court finds that a total award of $2,000 is adequate and fair.

Pursuant to 47 U.S.C. § 605(e)(B)(iii), plaintiff is entitled to full costs, including reasonable attorney's fees. The Court has reviewed the affidavit of November 24, 2008, submitted by plaintiff's attorney, Paul J. Hooten, which claims $700 in attorney's fees and $470 in costs ($350 for a filing fee and $120 for a process server). The Court concludes that the attorney's fees are reasonable and grants both fees and costs.

Accordingly, the Court grants plaintiff's request for a default judgment against the Upper Deck only and awards plaintiff:  (1) statutory damages in the amount of $2,000; (2) attorney's fees in the amount of $700; and (3) costs in the amount of $470—for a total of $3,170. Should plaintiff wish to proceed against James Winsman Jr., it must serve Winsman with a summons

and complaint in accordance with Rule 4(e) within the next 60 days. Should plaintiff fail to so serve within the time provided, the action against Winsman will be dismissed.

SO ORDERED.

Dated: New York, New York
April 23, 2009

_____
Richard J. Holwell
United States District Judge